# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:16-CV-00728-GCM

| | |
|---|---|
| ELIZABETH COLE, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| JAMES B. NUTTER & COMPANY WARREN L. TADLOCK | ) |
| Defendant. | ) |

**THIS MATTER** is before the court on the Pro Se Emergency Motion to Stay Pending Appeal (Doc. No. 3) and Response in Opposition to Motion to Stay (Doc. No. 4).

**BACKGROUND**

An order granting the appellee, James B. Nutter & Company, relief from the automatic stay to proceed with eviction was entered by the bankruptcy court on October 11, 2016. (Doc. No. 1-1 at 1). This order lifted the automatic stay to allow the appellee "to exercise its legal rights to obtain possession of the Debtor's [Cole's] property located at 7120B Somerset Springs Drive, Charlotte, NC." (*Id.*). The order found that James B. Nutter & Company was entitled to relief of the automatic stay that had been imposed by Cole's voluntary petition under Chapter 13 of Title 11 of the U.S. Code because Cole's interest in the property "is not adequately protected" and Cole's "ownership interest in the Property has previously been terminated." (*Id.* at 2).

The Appellant, Elizabeth Cole, then filed a motion to stay the Bankruptcy Court's order under Bankruptcy Rule 8007. (Doc. No. 3 at 1).

**LEGAL STANDARD**

Federal Rule of Bankruptcy Procedure 8007 provides that a party may request a stay pending appeal. "[A] party seeking a stay [in the district court] must show (1) that he will likely prevail on the merits of the appeal, (2) that he will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay." *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970).

**DISCUSSION**

**A. Failure to Comply with Rule 8007**

Appellee asserts that Appellant cannot obtain relief from this Court because Appellant has failed to comply with the presentation requirement of Rule 8007. (Doc. No. 4 at 2).

Rule 8007 provides that "[o]rdinarily, a party must move first in the bankruptcy court for ... a stay of a judgment, order, or decree of the bankruptcy court pending appeal." Fed. R. Bankr. P. 8007(a)(1)(A). If a motion for stay is then made in the district court on direct review of the bankruptcy court, the movant must "either state that the court has not yet ruled on the motion [for stay], or state that the court has ruled and set out any reasons given for the ruling." Fed. R. Bankr. P. 8007(b)(2). But, if the movant did not first make a motion for stay in the bankruptcy court, the movant must "show that moving first in the bankruptcy court would be impracticable." *Id.*

"A failure to seek emergency relief in the bankruptcy court is a critical defect and not often overlooked." *In re Rivera*, 2015 WL 6847973, at *2 (N.D. Cal. Nov. 9, 2015). This is because "[t]he reviewing court should have the benefit of the learning of the lower court, which is more familiar with the parties, facts and legal issues." *Id.* (internal quotation marks omitted).

"[D]istrict courts routinely dismiss motions for a stay pending appeal when stay relief is not first sought from the bankruptcy judge and the failure to do so is not adequately explained." *Id.* (quoting *In re BGI, Inc.*, 504 B.R. 754, 761 (S.D.N.Y. 2014)).

Appellant's stay application does not satisfy the presentation requirement. The Appellant stated that they did not request a stay of judgment from the bankruptcy court "because the Appellant filed a Notice of Removal of the state court action to the United States District Court" and "due to the fact that an Adversary Proceeding . . . hearing was conducted" on November 8, 2016 in which the bankruptcy court granted the Defendants Motion to Dismiss and denied Plaintiff Cole's Motion for Joinder. (Doc. No. 1 at 1-2). While the Appellant has given reasons for not making a motion to stay in bankruptcy court, the Court does not find such reasons persuasive that seeking a ruling from the bankruptcy court would have been impracticable.

### B. Failure to Demonstrate Likelihood of Success

In addition, this motion fails on its merits because Appellant has not demonstrated that she will likely succeed on the merits of her appeal.

The "Order Granting Relief from the Automatic Stay to Proceed with Eviction" entered by the bankruptcy court allowed the Appellee to proceed with eviction proceedings stemming from a foreclosure proceeding initiated on June 24, 2015 and the eventual foreclosure sale of the property conducted March 29, 2016. (Doc. No. 101 at 2). The Bankruptcy Court found that while the Appellant resided in the condominium on the date the Appellant filed her petition in the Bankruptcy Court (June 9, 2016), the Appellee had foreclosed its lien against the condominium at confirmed sale held March 29, 2016. Therefore, the Bankruptcy Court found the Appellant's interests in the condominium had terminated prior to the filing of the bankruptcy case, but that

the Appellee was stayed by the bankruptcy filing from obtaining possession of property it now owned but was denied possession. Absent protection for its ownership interests in the condominium, the automatic stay protecting the Appellant was lifted.

Appellant's motion identifies six (6) issues on appeal. These are each presented as questions, so whether any of these "issues" are actually facts presented to the court is questionable. However, none of the issues are relevant to an allegation of error by the Bankruptcy Court in granting the Appellee stay relief.

The bankruptcy court found that the Appellant has no lawful right of possession of the condominium and the Appellant has articulated no assignment of error in the bankruptcy court which demonstrates a likeliness that her appeal will succeed in reversing the bankruptcy court's grant of relief from the automatic stay.

**IT IS THEREFORE ORDERED** that Appellant's motion for a stay pending appeal (Doc. No. 3) is DENIED.

Signed: January 19, 2017

Graham C. Mullen
United States District Judge